| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT ELIADES & RAVIN LLC<br>80 Route 4 East, Suite 290<br>Paramus, New Jersey 07652<br>(201)845-1000<br>Proposed Attorneys for Debtor<br>Stephen B. Ravin (SBR 7074) | |
| In Re:<br><br>AEROBICS, INC.,<br><br>                    Debtor. | Case No. 10-24769(MS)<br><br>Chapter 11 |

**MOTION OF THE DEBTOR FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS, COMPENSATION, EMPLOYEE BENEFITS AND REIMBURSABLE BUSINESS EXPENSES UP TO THE LIMITS SET FORTH IN 11 U.S.C. § 507(a)**

Aerobics, Inc. ("Aerobics" or "Debtor"), through its proposed attorneys, Forman Holt Eliades & Ravin LLC, moves the Court for entry an Order authorizing the Debtor to pay pre-petition wages, salaries, commissions, compensation, employee benefits and reimbursable business expenses up to the limits set forth in 11 U.S.C. § 507(a), and in support thereof, respectfully represent the following:

**BACKGROUND**

1.      The Debtor filed its chapter 11 petition pursuant to Title 11 of the United States Code (the "Bankruptcy Code") on May 13, 2010. The Debtor remains in possession of its assets and has continued the management of its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

1

2.    No trustee or examiner has been appointed in the Debtor's chapter 11 case. No committee of unsecured creditors has been appointed.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE DEBTOR'S BUSINESS

4.    The Debtor respectfully refers the court to the certification of Robert Greenfield in support of the Debtor's first day motions and applications for a general description of the Debtor's business and the events leading to the commencement of the Debtor's chapter 11 case.

## WAGES, SALARIES AND OTHER COMPENSATION

5.    As of the Petition Date, in the ordinary course of its business, the Debtor incurred payroll obligations to their employees for the performance of services. As of the Petition Date, the Debtor employed approximately 25 employees (collectively the "Employees"), inclusive of part-time and full-time employees.

6.    Employees are paid on a bi-weekly basis. As of the Petition Date, the Debtor owed wages, salaries, commissions and other compensation to the Employees for the pre-petition period of May 10, 2010 through May 13, 2010 (the "Pre-Petition Pay Period"), to be paid on May 21, 2010, in the approximate amount of $6,599.73 (gross). Annexed hereto as Schedule A is a list of the employees, their gross pay for this period and the relevant deductions.

7.    The Debtor anticipates that it will continue to pay its Employees on a bi-weekly basis going forward.

8.    In addition, the Debtor is required by law to withhold from payroll checks amounts related to federal, state and local income taxes, and social security and medicare taxes and remit the same to the appropriate tax authorities (the "Payroll Tax Withholdings") along with the employer tax related to social security, medicare, federal and state unemployment taxes (the "Employer Tax Obligations" together with the Payroll Tax Withholdings hereinafter referred to as the "Payroll Tax Obligations"). ADP provides payroll services to the Debtor, including collecting, on a bi-weekly basis, the Payroll Tax Obligations from the Debtor. As required by law and advised by the aforementioned taxing authorities, ADP files the appropriate tax documents and remits the Payroll Tax Obligations on the Debtor's behalf. The Debtor funds the entire net payroll and Payroll Tax Obligations on a bi-weekly basis.

## RELIEF REQUESTED AND BASIS THEREFOR

9.    By this Motion, the Debtor seeks the entry of an order pursuant to sections 363(b) and 105(a) of the Code authorizing the payment of the pre-petition Employee Obligations as is more particularly set forth herein. Annexed hereto as Exhibit "A" is a list of the Employees and the amounts they are owed.

10.    Pursuant to sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, claims against a debtor for "wages, salaries, or commissions, including vacation, severance and sick leave pay," earned within one hundred eighty (180) days before the Petition Date, are afforded unsecured priority status to the extent of $10,950.00 per employee.

11.    In addition, section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

12.    Further, section 105(a) of the Bankruptcy Code empowers the Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." § 105(a).

13.    Finally, the "necessity of payment" doctrine recognizes the existence of the judicial power to authorize the debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989); In re Lehigh & New England Ry. Co., 657 F.2d 570, 581 (3rd Cir. 1981) (quoting In re Penn Central Transp. Co., 467 F.2d 100, 102, n.1 (3rd Cir. 1972) (the "necessity of payment" doctrine permits immediate payment of claims to creditors who will not supply services or material essential to the debtor's business until their pre-petition claims are paid)). Application of the "necessity of payment" doctrine here establishes that the Debtors should be authorized to honor their Employee Obligations.

## AMPLE CAUSE EXISTS TO GRANT THE RELIEF REQUESTED

14.    Each pre-petition Employee Obligation is less than $10,950.00 per employee. As such, all of the Employee Obligations constitute Priority Claims. The Debtor submits that payment of such amounts is necessary and appropriate for continued operations of its business.

15.    Many Employees are compensated at modest levels. It would cause a great hardship to them if they were to lose (or suffer delay in receiving) their pay and/or benefits.

16.    The Debtor's ability to preserve and maximize the value of the Assets will be adversely affected if it is unable to retain the services of the dedicated and loyal Employees. Accordingly, it is essential that the undue hardships that the Debtor may suffer as a consequence of the chapter 11 case be minimized, and that employee morale be maintained.

17.    To avoid the hardship that the Employees may otherwise suffer and to maintain morale for the Employees under what are and will remain extremely difficult working conditions, the Debtor seeks authority to satisfy, in its discretion, the Employee Obligations.

18.    Accordingly, the payment, when due in the ordinary course, of all Employee Obligations, in accordance with the Debtor's pre-petition business policies, practices and agreements, is in the best interests of the estate, and will enable the Debtor to continue operation of its business in an efficient manner without disruption.

19.    In order to carry out this request, the Debtor also seeks authority, as may be necessary, for the applicable banks and other financial institutions, in accordance with the Debtor's instructions, to receive, process, honor and pay all checks presented for payment and to honor all electronic payment requests made by the Debtor related to the Employee Obligations.

20.    Numerous courts in other chapter 11 cases have approved payment of pre-petition claims for compensation, benefits, and expense reimbursements on the ground that payment of such claims was necessary. *E.g., In re Beth Israel Hospital Association of Passaic,*Case No. 06-16186 (NLW) (Bankr. D.N.J.), Order dated July 12, 2006; *In re Treasure Island, Inc.,* Case No.06-10416 (NLW) (Bankr. D.N.J.), Order dated January 24, 2006; *In re GEO Specialty Chemicals, Inc.,* Case No. 04-19148 (MS) (Bankr.D.N.J.), Order dated March 18, 2004; *In re The Grand Union Company,* Case No. 98-27912 (JW) Order dated June 24, 1998, *In re NBO Stores, Inc.,* Case No. 95-20001 (RG) (Bankr. D.N.J.), Order dated January 5, 1995; *In re Emerson Radio Corp.,* Case Nos. 93-27874(NW) through 93-27879(NW) (Bankr. D.N.J.), Orders dated September 30, 1993 and October 1, 1993; *In re Kiwi Int'l Air Lines, Inc.,* Case No. 96-28679 (RG) (Bankr. D.N.J.), Order dated October 1, 1996; *In re Trader Horn, Inc.,* Case Nos. 94-27349 (WT); 94-27396 (WT) through 94-27408 (WT) (Bankr.

D.N.J.), Order dated October 27, 1994).  See also *In re Maidenform Worldwide, Inc.*, et al., Case No. 97-44869 (CB) (Bankr. S.D.N.Y. July 22, 1997); *In re R.H. Macy & Co.*, et al., Case No. 92-40477 (BRL) (Bankr. S.D.N.Y. March 23, 1992); *In re PSF Finance L.P.*, Case No. 96-1032 (Bankr. D. Del. July 2, 1996); *In re G. Heileman Brewing Co.*, Case No. 96-501 (Bankr. D. Del. April 3, 1996); *In re Edison Brothers Stores, Inc.*, Case No. 95-1354 (Bankr. D. Del. November 3, 1995); *In re Weiner Stores, Inc.*, Case No. 95-417 (Bankr. D. Del. April 12, 1995); *In re The Ormond Shops, Inc.*, Case No. 94-324 (Bankr. D. Del. April 5, 1994); *The Kendall Co.*, Case Nos. 92-667 and 92-668 (Bankr. D. Del. May 18, 1992); *In re Memorex Telex Corp.*, Case Nos. 92-8 through 92-13 (Bankr. D. Del. January 6, 1992).

21.    As noted, the Debtor also submits that because the Payroll Tax Obligations constitute "trust fund" taxes, the payment of such taxes will not prejudice other creditors, given that the relevant taxing authorities would hold priority claims under section 507(a)(8) of the Bankruptcy Code in respect of such obligations.  Moreover, the monies payable for trust fund taxes are not property of a debtor's estate.  *Begier v. Internal Revenue Service*, 496 U.S. 53 (1990).

## WAIVER OF MEMORANDUM OF LAW

22.    This Motion does not raise any novel issues of law and, accordingly, the Debtor respectfully requests that the Court waive the requirement of LBR 9013-2 that a separate memorandum of law be submitted.

## NOTICE

23.    Notice of this Motion and proposed form of order has been served on (i) the United States Trustee for the District of New Jersey; (ii) the Debtor's primary secured creditor; and (iii) the twenty (20) largest unsecured creditors of the Debtor.

## NO PRIOR REQUEST

24.    No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests the entry of the order submitted herewith (a)

authorizing the payment of the Employee Obligations, and (b) granting such other and further relief

as is just and proper.

FORMAN HOLT ELIADES & RAVIN LLC
Proposed Attorneys for the Debtor/Debtor-in-Possession

By: /s/ Stephen B. Ravin
        Stephen B. Ravin

Dated:  May __19__, 2010

m:\pet\aerobics\chpt 1 l\pleadings\first day\wage.mot.doc

7

# EXHIBIT "A"

| PERSONNEL | HOURS Reg O/T Hours 3&4 | EARNINGS Reg O/T Earnings 3&4 Earnings 5 | GROSS | STATUTORY DEDUCTIONS Federal State/Local | VOLUNTARY DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|---|
| ALLEMANT,MARTIN File: 001028 Dept: 050000 Rate: 8.0000 | 3.00 | 24.00 348.60 I | 372.60 | 30.39 FIT 5.59 NJ 21.51 SS 2.02 NJ 5.03 MED SUI/DI | 175.72 X CHK1 25.56 I HEALTH 2.78 N DIS IN 104.00 75 SUPPRT | Voucher# 200001 .00 |
| ARCELA,SONIA File: 001121 Dept: 050000 Rate: 8.0000 | | 293.66 I | 293.66 | 2.92 FIT 4.40 NJ 18.21 SS 1.60 NJ 4.26 MED SUI/DI | 259.49 X CHK1 2.78 N DIS IN | Voucher# 200002 .00 |
| BALDEON,KENY File: 001252 Dept: 050000 Rate: 10.0000 | 32.00 | 320.00 | 320.00 | 24.15 FIT 4.80 NJ 18.94 SS 1.74 NJ 4.42 MED SUI/DI | 14.60 I HEALTH 2.78 N DIS IN | Check# 11187551 248.57 |
| DIAZ,RUBEN File: 001064 Dept: 050000 Rate: 10.0000 | 40.00 | 400.00 | 400.00 | .00 FIT 5.13 NJ 22.04 SS 2.18 NJ 5.16 MED SUI/DI | 4.56 B KLOAN 44.54 I HEALTH 2.78 N DIS IN | Check# 11187552 313.61 |
| HERNANDEZ,JUAN File: 001083 Dept: 050000 Rate: 8.0000 | | 663.80 I | 663.80 | 75.72 FIT 11.35 NJ 40.25 SS 3.61 NJ 9.41 MED SUI/DI | 14.60 I HEALTH 2.78 N DIS IN | Check# 11187553 506.08 |
| IRIZARRY,GILBERT File: 001096 Dept: 050000 Rate: 17.5000 | 31.50 | 551.25 | 551.25 | 35.37 FIT 8.33 NJ 32.28 SS 3.00 NJ 7.55 MED SUI/DI | 30.67 I HEALTH 2.78 N DIS IN | Check# 11187554 431.27 |
| LOPEZ,JOSE S. File: 001012 Dept: 050000 Rate: 10.0000 | 29.00 | 290.00 | 290.00 | 19.65 FIT 4.35 NJ 17.08 SS 1.59 NJ 4.00 MED SUI/DI | 26.88 B KLOAN 14.60 I HEALTH 2.78 N DIS IN | Check# 11187555 199.07 |
| TIMMS,JAMES File: 001018 Dept: 050000 Rate: 16.6000 | 32.00 8.00 V | 531.20 132.80 V | 664.00 | 77.94 FIT 11.36 NJ 41.17 SS 3.62 NJ 9.63 MED SUI/DI | 2.78 N DIS IN | Check# 11187556 517.50 |
| TORRES,MARIO File: 001001 Dept: 050000 Rate: 11.3000 | 16.50 | 186.45 261.80 I | 448.25 | 13.93 FIT 7.04 NJ 25.03 SS 2.44 NJ 5.85 MED SUI/DI | 44.54 I HEALTH 2.78 N DIS IN | Check# 11187557 346.64 |

REG

**ADP Payroll Register** — AEROBICS INC — Company Code: S9K — Batch: 4014-020 — Period Ending: 05/15/2010 — Week 20 — Service Center: 020 — Pay Date: 05/21/2010 — Page 1

| PERSONNEL | HOURS Reg O/T Hours 3&4 | EARNINGS Reg O/T Earnings 3&4 Earnings 5 | GROSS | STATUTORY DEDUCTIONS Federal State/Local | VOLUNTARY DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|---|
| DEPT TOTAL 050000 | 184.00 REG .00 O/T 8.00 HOURS 3 .00 HOURS 4 | 2,302.90 REG .00 O/T 1,700.66 EARNINGS 3 .00 EARNINGS 4 .00 EARNINGS 5 4,003.56 GROSS | | 280.07 FIT 236.51 SS 55.31 MED 62.35 STATE 21.80 SUI/DI | 784.78 TOTAL DEDUCTIONS | 9 Pays 2,562.74 |

| HOURS ANALYSIS: | 8.00 V VAC |
|---|---|
| EARNINGS ANALYSIS: | 1,567.86 I PIECE 132.80 V VAC |
| STATUTORY DED. ANALYSIS: | 62.35 56 NJ 21.80 56 NJ SUI/DI |
| VOLUNTARY DED. ANALYSIS: | 31.44 B KLOAN 189.11 I HEALTH 25.02 N DIS IN 435.21 X CHK1 104.00 75 SUPPRT |

**TAXABLE ANALYSIS**

| FEDERAL TAXABLES: | 3,814.45 FIT | 933.70 FUTA | 3,814.45 SS EE | 3,814.45 SS ER | 3,814.45 MED EE | 3,814.45 MED ER |
|---|---|---|---|---|---|---|
| STATE INCOME TAXABLES: | 4,003.56 NJ | | | | | |
| SUI/DI TAXABLES: | 4,003.56 NJSU | | | | | |

| TUORTO,ANDREW File: 001209 Dept: 051000 Rate: 38.4620 | 36.00 | 1,384.63 | 1,384.63 | 152.55 FIT 29.19 NJ 83.72 SS 7.55 NJ 19.58 MED SUI/DI | 1054.99 X CHK1 34.27 I HEALTH 2.78 N DIS IN | Voucher# 200003 .00 |
| VOLPICELLI,FRANK File: 001247 Dept: 051000 Rate: 33.6539 | 36.00 | 1,211.54 | 1,211.54 | 113.73 FIT 58.54 NJ 72.03 SS 6.60 NJ 16.85 MED SUI/DI | 891.23 X CHK1 49.78 I HEALTH 2.78 N DIS IN | Voucher# 200004 .00 |
| DEPT TOTAL 051000 | 72.00 REG .00 O/T .00 HOURS 3 .00 HOURS 4 | 2,596.17 REG .00 O/T .00 EARNINGS 3 .00 EARNINGS 4 .00 EARNINGS 5 2,596.17 GROSS | | 266.28 FIT 155.75 SS 36.43 MED 87.73 STATE 14.15 SUI/DI | 2,035.63 TOTAL DEDUCTIONS | 2 Pays .00 |

| STATUTORY DED. ANALYSIS: | 87.73 56 NJ 14.15 56 NJ SUI/DI |
|---|---|
| VOLUNTARY DED. ANALYSIS: | 84.05 I HEALTH 5.56 N DIS IN 1,946.22 X CHK1 |

**TAXABLE ANALYSIS**

| FEDERAL TAXABLES: | 2,512.12 FIT | .00 FUTA | 2,512.12 SS EE | 2,512.12 SS ER | 2,512.12 MED EE | 2,512.12 MED ER |
|---|---|---|---|---|---|---|
| STATE INCOME TAXABLES: | 2,596.17 NJ | | | | | |
| SUI/DI TAXABLES: | 2,596.17 NJSU | | | | | |

REG

**ADP Payroll Register** — AEROBICS INC — Company Code: S9K — Batch: 4014-020 — Period Ending: 05/15/2010 — Week 20 — Service Center: 020 — Pay Date: 05/21/2010 — Page 2

© Automatic Data Processing, Inc.