**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

FORMAN HOLT ELIADES & RAVIN LLC
80 Route 4 East – Suite 290
Paramus, New Jersey 07652
(201) 845-1000
Attorneys for Debtor/Debtor-in-Possession
Stephen B. Ravin, Esq. (SBR-7074)

In re:

AEROBICS, INC.

                    Debtor.

Case No.:  10-24769 (MS)

Chapter 11

```
* FILED
JAMES J. WALDRON, CLERK

JUL  1 6 2010
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY
```

### ORDER (1) APPROVING AND AUTHORIZING THE SALE OF ASSETS TO FITNESS EQUIPMENT MANUFACTURERS OF AMERICA, LLC (AS ASSIGNEE OF EDWIN CAMERON) AND (2) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through thirteen (13), are

hereby ORDERED.

7/16/10

Page 2
Debtor:       Aerobics, Inc.
Case No.:     10-24769(MS)
Caption of Order: Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

**THIS MATTER** being brought before the Court by Forman Holt Eliades & Ravin, LLC,

counsel for the above captioned debtor and debtor-in-possession and seller herein ("Seller" or the

"Debtor"), for an Order (1) Approving and Authorizing the Sale of Assets to Fitness

Equipment Manufacturers of America, LLC ("Buyer") (as assignee of Edwin Cameron),

and (2) Granting Related Relief (the "Approval Order"); and it further appearing that

Buyer's offer to purchase certain assets of Seller (the "Purchased Assets"), as set forth in the

Asset Purchase Agreement (the "APA") previously filed with the Court and attached hereto as

Exhibit A, is the highest and best offer for the Purchased Assets; and the Court having

considered the pleadings in support of the hearing conducted on July 16, 2010 (the "Sale

Hearing") in connection with the Consent Order (1) Approving Bidding Procedures, Manner and

Sufficiency of Notice; (2) Authorizing the Debtor to Sell Assets; (3) Scheduling a Hearing Date

to Approve Sale and Assumption and Assignment of Executory Agreements; and (4) Granting

Related Relief, entered July 7, 2010 (the "Consent Order") and the arguments of counsel; and,

upon the record of the Sale Hearing, it appearing that the relief sought is necessary and in the

best interests of Seller, its creditors and estate, and other parties-in-interest; and due deliberation

having been given; and sufficient cause appearing therefore;

**THE COURT HEREBY FINDS AND DETERMINES** that:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (N) and (O).

Venue of this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Page 3
Debtor:        Aerobics, Inc.
Case No.:      10-24769(MS)
Caption of Order: Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

B.       As evidenced by the certificate of service filed with the Court, and based on the representations of counsel at the Sale Hearing: (i) proper, timely, adequate and sufficient notice of the Consent Order has been provided in accordance with Sections 363 and 365 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, 9007 and 9014; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of this matter, the Consent Order, the Sale Hearing or the entry of this Order shall be required.

C.       As demonstrated by (i) the testimony and/or other evidence proffered or adduced at the Sale Hearing, and (ii) the representations of counsel made on the record at the Sale Hearing, the Seller has engaged in good faith efforts in marketing the Purchased Assets.

D.       Buyer's offer, as memorialized in the APA, to purchase the Purchased Assets is the highest and best offer received for the Purchased Assets. The Purchase Price and Additional Consideration (as these terms are defined in the APA) to be paid by Buyer pursuant to the APA is fair and constitute reasonably equivalent value for the Purchased Assets.

E.       Buyer is a purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, with respect to the Purchased Assets. The APA was negotiated, proposed and entered into by the parties in good faith, from arm's-length bargaining positions under the Bankruptcy Code with respect to the Purchased Assets. Neither Seller nor Buyer has engaged in any conduct that would cause or permit the APA to be voided, or for the imposition of costs and damages under Section 363(n) of the Bankruptcy Code.

Page 4
Debtor:        Aerobics, Inc.
Case No.:      10-24769(MS)
Caption of Order: Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

F.    Seller has articulated sound business reasons for consummating the APA and
selling the Purchased Assets, and it is a reasonable exercise of Seller's business judgment to
consummate the transactions as contemplated by the APA.

G.    PNC Bank, National Association ("PNC"), has a valid, enforceable and
subsisting first perfected lien on and security interest in the Purchased Assets securing
Seller's pre-petition debt and said debt is an allowed secured claim (to the extent of the value
of PNC's interest therein) under sections 506(a) and 502 of the Bankruptcy Code.

H.    Subject to payment of the Purchase Price and the Additional Consideration,
Seller may sell the Purchased Assets to Buyer free and clear of all "Liens" (as that term is
defined below) in accordance with Section 363(f) of the Bankruptcy Code. As a condition of
purchasing the Purchased Assets, Buyer requires that: (a) the Purchased Assets be sold free
and clear of all Liens, with such Liens, claims and/or encumbrances to attach to the proceeds;
and (b) Buyer is not assuming, nor shall it in any way be liable or responsible for, successor
liabilities, or any other liabilities, obligations or debts of Seller, whether accrued, obsolete,
contingent or otherwise, arising before, on or after the consummation of the sale of the
Purchased Assets (the "Closing"), except as provided for in the APA or this Order, including,
but not limited to, the Assumed Liabilities (as that term is defined in the APA).

ACCORDINGLY, IT IS ORDERED as follows:

Page 5
Debtor:        Aerobics, Inc.
Case No.:      10-24769(MS)
Caption of Order:  Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

1.      All objections to the sale of the Purchased Assets to Buyer and the relief granted

herein, if any, that have not been withdrawn, waived, or settled, and all reservations of rights

included in such objections, are overruled on the merits and denied.

2.      The sale of the Purchased Assets by Seller to Buyer in accordance with the terms

and conditions of the APA, the APA and the transactions contemplated therein are hereby

approved and authorized, and Seller is authorized to perform its obligations under the APA and

to take all actions and execute all documents and instruments necessary to consummate the

transactions contemplated by the APA.

3.      The transfer of the Purchased Assets by Seller to Buyer is and will be a legal,

valid and effective transfer of the Purchased Assets notwithstanding any requirement for

approval or consent by any entity (as defined in Section 101(15) of the Bankruptcy Code).

4.      All entities (as defined in Section 101(15) of the Bankruptcy Code) are enjoined

from the commencement or continuation of any action, the employment of any process, or any

act to collect from or offset against Buyer or the Purchased Assets or continuing to hold or

possess any of the Purchased Assets, on account of any claims, interests or liens arising or

accruing before the Closing. *Nothing in this Order is intended to affect or eliminate insured claims against the carrier(s) but not*

5.      The transfer of the Purchased Assets is in exchange for consideration being paid

by Buyer that constitutes reasonably equivalent value and fair consideration under the

*against Buyer arising from pre-closing sales.*

*SGR*
*JMB*
*twc*
*MES*

Page 6
Debtor:      Aerobics, Inc.
Case No.:    10-24769(MS)
Caption of Order: Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

Bankruptcy Code and under the laws of the United States, and any state, territory and possession,

and the District of Columbia.

6.    The transfer of the Purchased Assets does not and will not subject Buyer to any

liability by reason of such transfer under the laws of the United States, any state, territory or

possession thereof or the District of Columbia, based, in whole or in part, directly or indirectly,

on any theory of law, including without limitation, any theory of successor or transferee liability,

except as specifically provided in the APA or this Order. Notwithstanding anything to the

contrary herein, the Buyer shall be liable for the Assumed Liabilities.

7.    All entities as defined under Section 101(15) of the Bankruptcy Code in

possession of all Purchased Assets are directed to release and permit removal of all of the

Purchased Assets in such entities' possession, upon request made by Buyer, without charge, cost

or expense to Buyer.

8.    All defaults of Seller under the assumed executory contracts and assumed

unexpired leases identified in Section 4.1 of the APA (the "Assumed Contracts") existing,

arising or accruing as of the Closing have been cured or will be promptly cured by Buyer.

9.    Buyer has provided adequate assurance of future performance of the Assumed

Liabilities within the meaning of Section 365(f)(2) of the Bankruptcy Code.

Page 7
Debtor:       Aerobics, Inc.
Case No.:     10-24769(MS)
Caption of Order: Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

10.    The Assumed Liabilities will be transferred to and remain in full force and effect

for the benefit of Buyer, notwithstanding any provisions in such Assumed Liabilities or under

applicable law that prohibit, restrict, or limit in any way such assignment or transfer.

11.    Buyer shall have the standing and right to contest all administrative expense

claims and all priority claims that are included within the Assumed Liabilities.

12.    The Bankruptcy Court retains jurisdiction to enforce the provisions of this Order

and the APA in all respects, including jurisdiction to protect Buyer against any liabilities which

are not expressly assumed by Buyer under the APA, and to resolve any dispute concerning this

Order, the APA or the rights and duties of the parties hereunder or thereunder or any issues

relating to the APA and this Order, including, but not limited to, interpretation of the terms,

conditions and provisions thereof, and the status, nature and extent of the Purchased Assets, and

all issues and disputes arising in connection with the relief authorized herein.

13.    The provisions of this Order are nonseverable and mutually dependent.

14.    The transactions contemplated by the APA are undertaken by Buyer in good faith,

as that term is used in Section 363(m) of the Bankruptcy Code, and Buyer is entitled to the rights

and protections granted thereby.

15.    Buyer is neither a mere continuation of Seller nor a de facto merger partner of

Seller.

Page 8
Debtor:        Aerobics, Inc.
Case No.:      10-24769(MS)
Caption of Order:  Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

16.    Seller and Buyer have not colluded to destroy or affect the rights and remedies of

any entity or creditor and all such rights and remedies are expressly preserved as against Seller's

bankruptcy estate.

17.    Subject to the payments of the Purchase Price and the Additional Consideration

as herein provided, the Purchased Assets shall pass to Buyer at Closing, free and clear of any and

all liens (including, without limitation, mechanics', materialmens' and other consensual and non-

consensual liens and statutory liens), security interests, encumbrances and claims (as defined in

section 101(5) of the Bankruptcy Code), reclamation claims, mortgages, pledges, restrictions,

hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options,

rights of first refusal, contracts, offsets, recoupment, rights of recovery, judgments, orders,

claims for reimbursement, contribution, indemnity or exoneration, and decrees of any Court or

foreign or domestic governmental entity, interests, products liability, alter-ego, environmental,

successor liability, tax and other liabilities and claims, to the fullest extent of the law, in each

case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or

unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or

disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured,

material or non-material, disputed or undisputed, or known or unknown, whether arising prior to,

on, or subsequent to the Petition Date (as that term is defined in the APA), whether imposed by

agreement, understanding, law, equity or otherwise (collectively, the "Liens"), with the Liens

attaching to the proceeds of the sale, provided, however, that the Warranty Claims (as that term

Page 9
Debtor:        Aerobics, Inc.
Case No.:      10-24769(MS)
Caption of Order: Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

is defined in the APA) shall survive and Buyer shall be responsible for all of the Warranty

Claims.

18.    At the Closing, the Earnest Money Deposit (as that term is defined in the APA)

and the balance of the Purchase Price shall be paid to PNC, and the Additional Consideration

shall be paid to counsel to the Official Committee of Unsecured Creditors of Seller (the

"Committee"). The Additional Consideration shall be held separately by counsel to the

Committee and shall not be subject to any Lien or claim of PNC including any deficiency claim.

Two hundred thousand dollars ($200,000) of the Additional Consideration shall be used for a

distribution to general unsecured creditors pursuant to a plan of liquidation that complies with all

applicable requirements of the Bankruptcy Code and fifty thousand dollars ($50,000) shall be

used toward satisfaction of the administrative expense claims of the Retained Professionals (as

that term is defined in the APA).

19.    Buyer is not purchasing or assuming, as a successor or otherwise, the Excluded

Assets (as that term is defined in the APA) and the Purchased Assets do not include (i) any right,

title or interest of any person other than Seller in any property or asset, and (ii) the assets of

Seller listed and described below:

        a.       any and all rights, claims or causes of action of Seller that are unrelated to
               the Purchased Assets;

        b.       any and all claims or causes of action arising under chapter 5 of the
               Bankruptcy Code;

Page 10
Debtor:        Aerobics, Inc.
Case No.:      10-24769(MS)
Caption of Order:  Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

    c.    any and all claims or causes of action arising under any federal or state law, rule or regulation respecting fraudulent transfers or conveyances, including, but not limited to, the New Jersey Uniform Fraudulent Transfer Act, N.J.S.A § 25:2-20, et seq., that are unrelated to the Purchased Assets;

    d.    any and all claims or causes of action against any insiders (as that term is defined by Section 101(31) of the Bankruptcy Code) including, but not limited to, current and/or former officers, directors or shareholders of Seller or any parent (direct or indirect), subsidiary, general or limited partner, or affiliate of Seller;

    e.    any and all rights to claims, insurance proceeds, refunds or adjustments with respect to Excluded Assets;

    f.    all rights of Seller under any directors and officers liability insurance policies; and

    g.    all rights of Seller arising under the APA and under any other agreement between Seller and Buyer entered into in connection with the APA.

20.    Upon the Closing, each of Seller's creditors, secured or otherwise, and the counterparties to any pre-petition unexpired contracts that were not assumed or assigned, agreements and/or leases are authorized and directed to execute such documents and take all other actions as may be necessary to release their Liens or claims in the Purchased Assets as such Liens or claims may have been recorded or may otherwise exist.

21.    If any person or entity that has filed financing statements, mortgages, construction liens, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens or encumbrances with respect to Seller, or the Purchased Assets, has not delivered to Seller and Buyer prior to the Closing, in proper form for filing and executed by the appropriate parties,

Page 11
Debtor:        Aerobics, Inc.
Case No.:      10-24769(MS)
Caption of Order: Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

termination statements, instruments of satisfaction, and releases of all Liens which the person or

entity has with respect to any of Seller's property, then (a) Seller is hereby authorized and

directed to execute and file such statements, instruments, releases and other documents on behalf

of the person or entity with respect to the Purchased Assets, and (b) Buyer is hereby authorized

to file, register, or otherwise record a certified copy of this Order, which, once filed, registered,

or otherwise recorded, shall constitute conclusive evidence of the release of all Liens in the

Purchased Assets of any kind or nature whatsoever.

22.    Any stay, modification, reversal or vacation of this Order will not affect the

validity of any obligation of Seller to Buyer incurred under this Order.  Notwithstanding any

such stay, modification, reversal or vacation, all obligations incurred by Seller under this Order

and the APA prior to the effective date of such stay, modification, reversal or vacation will be

governed in all respects by the original provisions of this Order, and Buyer is entitled to the

rights, privileges and benefits granted in this Order with respect to all such obligations.

23.    Nothing contained in any plan confirmed in this case or any order of this Court

confirming such plan shall conflict with or derogate from the provisions of the APA or the terms

of this Order.  In the event of a dismissal of this case, any order entered with respect thereto shall

preserve and continue this Order in full force and effect notwithstanding such dismissal.

Page 12
Debtor:        Aerobics, Inc.
Case No.:      10-24769(MS)
Caption of Order: Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

24.    The failure to specifically include any particular provision of the APA in this

Order shall not diminish or impair the effectiveness of such provision, it being the intent of the

Court that the APA be authorized and approved in its entirety.

25.    This Order shall not be stayed for 14 days after the entry of the Order and shall be

effective and enforceable immediately upon entry.

26.    Seller is hereby authorized to assume and assign all of the Assumed Contracts

effective upon entry of this Order, and Seller is hereby authorized to execute any and all

documents necessary to effectuate the assumption and assignment of the Assumed Contracts.

27.    As soon as practicable after the Closing Date, the Committee and the Debtor

intend to file a liquidating plan providing, among other things, for the (i) creation of a creditor

trust for the benefit of creditors to liquidate the remaining assets of the Debtor's estate following

the effective date of such plan; and (ii) to the fullest extent permitted by the Bankruptcy Code,

the distribution of the Additional Consideration to the holders of allowed general unsecured

claims against the Debtor.

28.    Notwithstanding anything to the contrary contained in the APA or this Order, all

books and records of Seller which remain in the possession of Buyer (and/or its designated

assignees) after the Closing Date (the "Records"), are subject to the rights of the Debtor, any

successor to the Debtor, the Committee and/or any subsequently appointed trustee (including

without limitation a trustee appointed pursuant to a plan of reorganization to liquidate the

Page 13
Debtor:        Aerobics, Inc.
Case No.:      10-24769(MS)
Caption of Order: Order (1) Approving and Authorizing the Sale of Assets to Fitness
Equipment Manufacturers of America, LLC (as assignee of Edwin Cameron) and (2)
Granting Related Relief

---

Debtor's remaining assets) and their respective professionals to review and copy the Records, at

their cost and expense and to the extent reasonably necessary to administer the Debtor's estate,

during normal business hours and upon reasonable notice until the date the Debtor's bankruptcy

case is closed or dismissed by Order of the Court.

29.    Buyer agrees that prior to destroying or otherwise disposing of any of the

Records, Buyer shall provide written notice to the Debtor, any successor to the Debtor, counsel

to the Committee or any trustee appointed in this case, of its intent to dispose of or destroy the

Records.   The Debtor, any successor to the Debtor, the Committee or any Court-appointed

trustee shall have sixty (60) days from the date notice is given to take possession of or copy the

Records, at their sole cost and expense.

30. Buyer shall be responsible for the payment of US Trustee fees pursuant to 28 USC §1930 until the case is converted, dismissed or closed.

#399361 v2